UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURNETTE PERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY GOVERNMENT CENTER,<br><br>　　　　Defendant. | Case No. 2:25-cv-00814-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted below. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice, but with leave to amend.

**I.　　SCREENING THE COMPLAINT**

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

1

*v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Complaint

Plaintiff's Complaint, which appears to be based on some form of harassment and or termination, does not identify a cause of action. Rather, Plaintiff states, based on undisclosed facts, that she is entitled to "$300,000 plus back pay from Aug. 8, 2024" arising from the unalleged wrongful conduct. ECF No. 1-1. Plaintiff references a "Right to sue Letter from EEOC," but did not attach the Letter or her Charge of Discrimination to her Complaint. Thus, the Court does not have any basis on which to conclude Plaintiff exhausted her administrative remedies, timely brings her claim, or even has a claim recognized under law.

Exhaustion of administrative remedies is a prerequisite to bringing a claim for discrimination, harassment or retaliation based on a person's protected characteristic. *See*, by way of example, 42 U.S.C. § 12117(a); *Ramirez v. Kingman Hosp. Inc.*, 374 F. Supp. 3d 832, 854 (D. Ariz. 2019) (citation omitted); *Rosseter v. Industrial Light & Magic*, Case No. C 08-04545 WHA, 2009 WL 764496, at *1 (N.D. Cal. Mar. 20, 2009). This rule applies equally to claims filed under Nevada law. *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005) (internal citation omitted) (NRS 613.420 requires an employee alleging employment discrimination to exhaust his administrative remedies by filing a complaint with NERC before filing a district court action"); *Palmer v. State*, 787 P.2d 803, 804 (Nev. 1990) (citing *Copeland v. Desert Inn Hotel*, 673 P.2d 490 (Nev. 1983)) (the Nevada Supreme Court holds that "an employee claiming discrimination under NRS 613.420 is obligated to file a claim with the NERC and to have that agency adjudicate the claim before it can properly be brought in district court"). Plaintiff has not demonstrated exhaustion of her administrative remedies and, therefore, as pleaded, her Complaint cannot proceed.

1    Plaintiff also fails to state a *prima facie* case of discrimination, harassment, or retaliation. By way of example only, to state a *prima facie* claim of race discrimination under Title VII of the 1964 Civil Rights Act ("Title VII"), a plaintiff must allege she: (1) belongs to a class of persons protected by Title VII; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who does not belong to the same protected class as Plaintiff. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). To state a claim of race harassment, a plaintiff must allege: (1) conduct of a racial nature; (2) that is so severe or pervasive as to alter the terms and conditions of her working environment; and (3) that the conduct was unwelcome. 42 U.S.C.A. § 2000e–2(a)(1). To state a *prima facie* sexual hostile work environment claim, a plaintiff must show that she experienced: (1) conduct of a sexual nature; (2) that is so severe or pervasive as to alter the terms and conditions of her working environment; and (3) that the conduct was unwelcome. *Harris v. Forklift Systems*, 510 U.S. 17 (1993)*; Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000); *Ellison v. Brady*, 924 F.2d 872, 875 (9th Cir. 1991). To state a *prima facie* discriminatory termination claim under the Americans with Disabilities Act (the "ADA"), a plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) the defendant terminated her because of a disability. *Kennedy v. Applause,* 90 F.3d 1477, 1481 (9th Cir. 1996). A plaintiff must also "allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). To state a *prima facie* case alleging a violation of the Age Discrimination in Employment Act (the "ADEA"), a plaintiff must allege she was: (1) a member of a protected class [age 40–70]; (2) performing her job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir. 1990). Again, these are examples of the types of claims Plaintiff may be seeking to state, but not an exhaustive list of the claims that violate Title VII, the ADA or the ADEA. Plaintiff, who offers no facts, has not stated a *prima facie* claim of any form of discrimination, harassment, or retaliatory discharge.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend her complaint to allege the information necessary to establish she exhausted her administrative remedies (which she can do by attaching a copy of her Charge of Discrimination and Right to Sue Letter to her amended complaint) and facts necessary to state *prima facie* claims of harassment and retaliatory discharge (if those are, in fact, what Plaintiff seeks to assert) based on the protected class or classes she claimed in her Charge.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." Plaintiff is advised that if she files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case. The Court cannot refer to the original Complaint or any allegation therein when determining if Plaintiff sufficiently states a claim in her amended complaint. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the amended complaint be filed no later than **June 23, 2025**.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with the terms of this Order the Court will recommend Plaintiff's action be dismissed in its entirety.

DATED this 22nd day of May, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4